**UNITED STATES BANKRUPTCY COURT**
NORTHERN    **DISTRICT OF** ILLINOIS
<u>EASTERN DIVISION</u>

| | | |
|---|---|---|
| In re:  ADVANTAGE MORTGAGE<br>CONSULTING, INC. | §<br>§<br>§<br>§ | Case No. 08-03879<br>Hon. SUSAN PIERSON SONDERBY<br>Chapter 7 |
| Debtor(s) | | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that
ALLAN J. DeMARS                                      , trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications, which are
summarized in the attached Summary of Trustee's Final Report and Application for Compensation.

The complete Final Report and all applications for compensation are available for inspection at
the Office of the Clerk, at the following address:
219 S. Dearborn Street - 7th Floor - Chicago, IL

Any person wishing to object to any fee application that has not already been approved or to the
Final Report, must file a written objection within    21 days from the mailing of this notice, serve a
copy of the objections upon the trustee, any party whose application is being challenged and the United
States Trustee. A hearing on the fee applications and any objection to the Final Report will be held
at 10:30 AM   on 3/30/2010 in Courtroom 642    , Dirksen Federal       Courthouse,
219 S. Dearborn Street, Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay
dividends pursuant to FRBP 3009 without further order of the Court.

By: Clerk US Court

(Title of person signing form)

*Trustee's Name:*
ALLAN J. DeMARS

*Trustee's Address:*
100 W. Monroe Street - Suite 910 - Chicago, IL 60603

UST Form 101-7-NFR (9/1/2009)

## UNITED STATES BANKRUPTCY COURT
NORTHERN   **DISTRICT OF** ILLLINOIS

EASTERN DIVISION

In re:   ADVANTAGE MORTGAGE § Case No. 08-03879
CONSULTING, INC. § Hon. SUSAN PIERSON SONDERBY
§ Chapter 7
§

Debtor(s)

### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $67,445.63 |
| *and approved disbursements of* | $10.97 |
| *leaving a balance on hand of* [1] | $67,434.66 |

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee*   ALLAN J. DeMARS | $6,622.28 | $75.19 |
| *Attorney for trustee*   ALLAN J. DeMARS | $20,812.00 | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant*   LOIS WEST/POPOWCER KATTEN | $3,433.00 | |
| *Special Attorney for trustee* | | |
| *Charges,   U.S. Bankruptcy Court* | | |
| *Fees, United States Trustee* | | |
| Other | | |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| *Other* | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ $237,938.82 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 2 | IL Dept of Revenue | $19,499.09 | $2,990.53 |
| 29 | Nevada Dept of Taxation | $100.00 | $15.34 |
| 38 | Internal Revenue Service | $218,339.73 | $33,486.32 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____ $837,857.15 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ____ 0 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 33 claims | See claims register with Court | $837,857.15 | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be __0__ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be __0__ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____ $0.00.

Prepared By: /s/ ALLAN J. DeMARS
_____
Trustee

*Trustee's Name:*
ALLAN J. DeMARS
_____
*Trustee's Address:*
100 W. Monroe St. - Suite 910
Chicago, IL 60603
_____

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.